STATE OF INDIANA ) IN THE ST. JOSEPH CIRCUIT/SUPERIOR COURT
) SS:
ST. JOSEPH COUNTY ) CAUSE NO. 71C01-1302-PL-00042

DAN FRANKLIN, VIVIAN FRANKLIN, )
and, DESHAWN FRANKLIN, )
)
Plaintiffs, )
)
v. )
)
CIVIL CITY OF SOUTH BEND, )
PETE BUTTIGIEG, MAYOR, )
CHARLES HURLEY, Interim Chief of )
Police of the South Bend Police Department, )
PATROLMAN ERIC MENTZ, )
PFC. MICHAEL STUK, and )
OFFICER AARON KNEPPER, )
)
Defendants. ) **JURY DEMAND**

-FILED-
FEB 26 2013
Clerk
St. Joseph Circuit Court

## COMPLAINT AT LAW

COMES NOW, the Plaintiffs, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, by and through their counsel, Johnny W. Ulmer, and for their cause of action would state as follows:

### I. INTRODUCTION

This action arises under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Indiana governmental tort liability statutes; and under Indiana common law for intentional and/or negligent infliction of emotional distress, excessive force, deliberate indifference, unlawful law enforcement entry, negligence by the Civil City of South Bend, false imprisonment, false arrest, failure to train, conspiracy to deprive the Franklin's of their civil rights, battery, wrongful arrest, violating the security of the plaintiffs home, negligent supervision, gross

1

negligence, assault, slander and defamation.

Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were not acting in the scope of their employment, when, under color of state law, they unlawfully entered into the Plaintiffs' DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, home, without a warrant, where there were no exigent circumstances, and began an unreasonable search and seizure, ultimately using excessive use of force against Plaintiff DESHAWN FRANKLIN.

The Defendants' actions caused injury to the Plaintiff.

Action is also brought against the CIVIL CITY OF SOUTH BEND ("City of South Bend"), PETE BUTTIGIEG, MAYOR, and CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, for failure to properly train and supervise the individual Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, in the proper use of force and techniques used to secure the search of a home, failure to implement a policy for dealing with minority or disabled citizens that does not violate their civil rights or encourage mistreatment of minorities or citizens with disabilities and for establishment of policies, procedures, practices, and customs regarding arrests that result in the excessive use of force.

## PARTIES

1. Plaintiff, DAN FRANKLIN, an African-American, is a citizen and resident of South Bend, Indiana.

2. Plaintiff, VIVIAN FRANKLIN, an African-American, is a citizen and resident of South Bend, Indiana.

3. Plaintiff, DESHAWN FRANKLIN, An African-American, is a citizen and resident of South Bend,

4. Defendant CHARLES HURLEY, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as a Interim Chief of Police of the South Bend Police Department, and was acting under color of state law, and is responsible for the supervision and training of the Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER. Defendant HURLEY, as the Interim Chief of the South Bend Police Department, is further, responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of South Bend, Indiana, regarding arrests and the use of force.

5. Defendant, PATROLMAN ERIC MENTZ, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the South Bend Police Department, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of South Bend, Indiana, and was acting under color of state law.

6. Defendant, PFC. MICHAEL STUK, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the South Bend Police Department, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of South Bend, Indiana, and was acting under color of state law.

7. Defendant, OFFICER AARON KNEPPER, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his

capacity as a Police Officer employed by the South Bend Police Department, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of South Bend, Indiana, and was acting under color of state law.

8. The Defendant, CITY OF SOUTH BEND, is a political subdivision of the State of Indiana, for which Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, serve as police officers, CHARLES HURLEY, serves as Interim Chief of Police of the South Bend Police Department, and PETE BUTTIGIEG, serves as Mayor. MAYOR. CITY OF SOUTH is the political subdivision of the State of Indiana responsible for the training and supervision of Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER. PETE BUTTIGIEG, as Mayor, and the CITY OF SOUTH BEND, has established or delegated to Defendant CHARLES HURLEY, as Interim Chief of Police of the South Bend Police Department, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of South Bend regarding arrests and African-American citizens or citizens with disabilities.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, FOR VIOLATING THE SECURITY OF PLAINTIFFS' HOME (FOURTH AMENDMENT)

9. This action arises under Title 42 U.S. Code Sections 1983 and 1988 and the United States Constitution.

10. At all times mentioned herein, each of the defendants was an agent and/or

employee of the other defendants and was acting within the course and scope of said agency and/or employment.

11. On or about July 7, 2012, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, were lawfully in possession of their home, when South Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER went to the Franklin residence between the hours of 2 and 3 AM.

12. Upon arrival at the home, the Defendant officers beat loudly on the front door awakening Mrs. Franklin.

13. When she opened the door, Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were standing at the door with weapons drawn and flash lights in their hand shining the light in Mrs. Franklin's face. She was ordered out of the house and placed on the front porch. The Defendant officers then without a warrant and without probable cause, unlawfully entered the home in violation of the Fourth Amendment to the U.S. Constitution, to wit, the right of the people to be secure in their . . . houses . . . against unreasonable searches and seizures, first stopping at Mr. and Mrs. Franklin's bedroom.

14. Mr. Dan Franklin, who was asleep in the couples bedroom, and is disabled, was ordered to get up out of the bed. He explained that he uses a cane to walk. One officer remained with Mr. Franklin while the two other officers proceeded to go into the bedroom of the Franklin's son, DeShawn.

15. The Defendant officers enter the bedroom of Deshawn, and he was awoke from his sleep by being tased, and punched several times, as he screamed for his mother. Officers then pulled him out of his bed to the floor, handcuffed and took him out of the home, placed him into

a patrol vehicle, where he sat with a taser probe embedded in his side for at least two hours.

16. Due to the location of the probe paramedics were called to the scene to render medical treatment. After several hours he was released. Officers explained they had been looking for the Franklin's older son, who did not live there.

17. The Franklin's older son, who the police claimed they were looking for arrived at the home while officers were still on the scene, but was not arrested.

18. At all times herein mentioned, all defendants were acting under color of law.

19. The actions of PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were reckless and grossly negligent and legally caused plaintiffs damages according to proof at trial.

20. The actions of PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of others entitling plaintiffs to punitive damages.

## SECOND CAUSE OF ACTION
## AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER FOR USE OF EXCESSIVE FORCE
## (FOURTH AMENDMENT)

21. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

22. Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, thereupon assaulted, battered, and used excessive force on Plaintiff Deshawn Franklin. In addition, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER tased and handcuffed plaintiff Deshawn Franklin.

23. The foregoing violated plaintiffs right under the Fourth Amendment to be secure in their persons from unreasonable seizures.

24. As a direct and legal result of the foregoing, plaintiff Deshawn Franklin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, plaintiff great physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

### THIRD CAUSE OF ACTION
### AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER FOR UNLAWFUL ARREST
### (FOURTH AMENDMENT)

25. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

26. PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER without a warrant and without probable cause, arrested plaintiff in violation of plaintiff's Fourth Amendment right to be secure in his person from unreasonable seizure and his Fourteenth Amendment right not to be deprived of his liberty without due process of law.

### FOURTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR INVASION OF PRIVACY
### (FIRST AMENDMENT)

28. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

29. After the incident, defendants to the local media, that Plaintiff home had been entered because a violent crime had been committed and the suspect was in the Plaintiffs' home.

30. By supplying such information to the media, defendants knew and intended that such information would be published to the community.

31. The media published the defendant's untrue version of the incident.

32. The foregoing violated plaintiffs' First Amendment right to privacy.

### FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR FAILURE TO PROTECT PLAINTIFF

33. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

34. Defendants or some of them placed plaintiffs in positions of danger, to wit, having their home invaded without probable cause and without a warrant, subjecting Deshawn Franklin to excessive force, falsely arresting him, and invading the Franklin's privacy.

35. Defendants and others of them had the then present ability to protect plaintiffs from harm.

36. The senior officer among the Defendants present, who will be identified after discovery has been conducted, could have prevented the other two officers from entering the apartment but recklessly and with gross negligence, failed to do so.

37. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from entering the home but recklessly and with gross negligence, failed to do so.

38. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the officers from assaulting, battering and using excessive force upon plaintiff, but recklessly and with gross negligence, failed to do

so.

39. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the two other defendants from assaulting, battering and using excessive force upon plaintiff, but recklessly and with gross negligence, failed to do so.

40. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from unlawfully arresting plaintiff, but recklessly and with gross negligence, failed to do so.

41. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from unlawfully arresting plaintiff, but recklessly and with gross negligence, failed to do so.

42. All defendants had the ability to prevent transmission of information and misinformation about plaintiffs to the local media, but recklessly and with gross negligence, failed to do so.

### SIXTH CAUSE OF ACTION
### AGAINST AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND FOR TRESPASS

43. Plaintiffs restate and reiterates all of the foregoing paragraphs of this complaint as if set forth in full at this point.

44. On or about July 7, 2012, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, were lawfully in possession of their home, and were entitled to exclusive possession thereof.

45. At said time and place, without a warrant and without probable cause or

invitation, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER entered into and onto said premises, thereby committing trespass.

46. PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER were guilty of oppression, fraud, and malice, entitling plaintiffs to recover, in addition to actual damages, damages for the sake of example and by way of punishing defendants.

47. On or about October 16, 2012, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, filed a claim under the pursuant to Ind. Code § 34-13-3-6, setting forth this and the following claims. On or about January 17, 2012, the City of South Bend rejected the claims by failing to respond.

### SEVENTH CAUSE OF ACTION
### AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND
### FOR BATTERY

48. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

49. On or about July 7, 2012, South Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER went to the Franklin residence between the hours of 2 and 3 AM., touched and manhandled plaintiffs, beat Deshawn Franklin, without plaintiffs consent. In addition, South Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER tased and handcuffed Deshawn Franklin.

## EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER
## AND CITY OF SOUTH BEND
## FOR FALSE ARREST

50. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

51. At the above said time and place, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, without a warrant and without probable cause, falsely arrested plaintiff Deshawn Franklin.

## NINTH CAUSE OF ACTION
## AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW
## (False Imprisonment)

52. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

53. Plaintiffs aver that the Defendants breached a duty of care owed to Plaintiffs, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiffs without just cause and without mittimus from a court.

54. Plaintiffs aver that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained Deshawn Franklin, against his will through use of force for a period of close to 120 minutes.

55. At no time during the detainment did plaintiffs DAN FRANKLIN and VIVIAN resist or attempt to resist the Defendant officers, but were fully cooperating with the orders of the Defendants who had guns pointed at them at various times.

56. Plaintiffs aver that the Defendants are liable to them for false imprisonment.

57. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff Deshawn Franklin suffered personal injuries, and DAN FRANKLIN, VIVIAN FRANKLIN, and DESHAWN FRANKLIN suffered emotional distress.

### TENTH CAUSE OF ACTION
### AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, OFFICER AARON KNEPPER, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW
### (Negligence)

58. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

59. Each Defendant owed Plaintiffs a duty to use due care at or about the times of the aforementioned incident.

60. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

### ELEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, OFFICER AARON KNEPPER, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW
### (Negligent Supervision)

61. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

62. Each Defendant owed Plaintiffs a duty to use due care at or about the time of the

aforementioned incidents.

63. Defendants CITY OF SOUTH BEND, and PETE BUTTIGIEG, MAYOR, negligently supervised Defendant CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, who in turn negligently supervised Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, OFFICER AARON KNEPPER by failing to provide proper training and outline proper procedure with minorities and disabled persons.

64. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

## TWELFTH CAUSE OF ACTION
## AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND PURSUANT TO INDIANA COMMON LAW FOR ASSAULT

65. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

66. Plaintiffs aver that the actions of the Defendants breached a duty of care owed to Plaintiffs to not assault them or cause them physical harm or injury, except to the extent allowed by law.

67. Plaintiffs aver that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiffs, assaulted them by pointing firearms at Mrs. Vivian Franklin, and punching, slamming to the bedroom floor and tasing Deshawn Franklin.

68. Further, Plaintiff Deshawn Franklin was shoved into the back seat of a patrol car and left handcuffed with a taser probe in his side for at least two hours, in fear.

69. As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered

both physical and mental injuries and are entitled to relief.

## ATTORNEY'S FEES

70. If plaintiffs prevails in this action, by settlement or otherwise, plaintiffs are entitled to and hereby demands attorney's fees under 42 U.S.C. Section 1988.

## PRAYERS FOR RELIEF

WHEREFORE, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, prays for judgment against defendants, and each of them, jointly and severally, as follows:

1. Special damages according to proof,

2. General damages according to proof,

2. Punitive and exemplary damages according to proof,

3. Costs of suit and reasonable attorneys fees,

4. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

5. Such other and further relief as the court deems just and proper

Respectfully submitted,

Johnny W. Ulmer, Atty. No. 27373-71
Cataldo Law Offices, Inc.
P.O. Box 866
Bristol, Indiana 46507
E-mail: jake2737@gmail.com
Telephone: (574) 848-7600
Fax: (574) 622-0037