## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAN FRANKLIN, VIVIAN FRANKLIN, And, DESHAWN FRANKLIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:13-CV-207 |
| CIVIL CITY OF SOUTH BEND, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, | ) ) ) ) ) ) ) | |
| Defendants. | | |

### *ANSWER OF THE DEFENDANTS, CIVIL CITY OF SOUTH BEND, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND AFFIRMATIVE DEFENSES*

Come now the defendants, the Civil City of South Bend, Pete Buttigieg, Mayor, Charles Hurley, Interim Chief of Police of the South Bend Police Department, Patrolman Eric Mentz, Pfc. Michael Stuk, and Officer Aaron Knepper, by counsel, who file their answer to the plaintiff's complaint as follows:

### PARTIES

1. Plaintiff, DAN FRANKLIN, an African-American, is a citizen and resident of South Bend, Indiana.

   **ANSWER:  Defendants admit the allegations in Paragraph 1 of the Complaint.**

2. Plaintiff, VIVIAN FRANKLIN, an African-American, is a citizen and resident of South Bend, Indiana.

**ANSWER:  Defendants admit the allegations in Paragraph 2 of the Complaint.**

3.  Plaintiff, DESHAWN FRANKLIN, An African-American, is a citizen and resident of
South Bend.

**ANSWER:  Defendants admit the allegations in Paragraph 3 of the Complaint.**

4.  Defendant CHARLES HURLEY, is a citizen and resident of South Bend, Indiana and
was at all times material to the allegations in this Complaint, acting in his capacity as
a (sic) Interim Chief of Police of the South Bend Police Department, and was acting
under color of state law, and is responsible for the supervision and training of the
Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and
OFFICERAARON KNEPPER. Defendant HURLEY, as the Interim Chief of the
South Bend Police Department, is further, responsible for making and/or
implementing policies and practices used by law enforcement officers employed by
the City of South Bend, Indiana, regarding arrests and the use of force.

**ANSWER:  Defendants admit that Defendant Charles Hurley, is a citizen and
resident of South Bend, Indiana as alleged in Paragraph 4 of the Complaint and
in as much as the remaining allegations call for a legal conclusion, the
Defendants deny the remaining allegations in Paragraph 4 of the Complaint.**

5.  Defendant, PATROLMAN ERIC MENTZ, is a citizen and resident of South Bend,
Indiana and was at all times material to the allegations in this Complaint, acting in his
capacity as a Police Officer employed by the South Bend Police Department, and was
at all times material to the allegations in this Complaint, acting in his capacity as a
Police Officer employed by the City of South Bend, Indiana, and was acting under
color of state law.

**ANSWER: Defendants admit that Defendant, Patrolman Eric Mentz, is a citizen, Defendants are without sufficient knowledge if Patrolman Eric Mentz is a resident of South Bend, Indiana as alleged in Paragraph 5 of the Complaint and in as much as the remaining allegations call for a legal conclusion, the Defendants deny the remaining allegations in Paragraph 5 of the Complaint.**

6. Defendant, PFC. MICHAEL STUK, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the South Bend Police Department, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of South Bend, Indiana, and was acting under color of state law.

**ANSWER: Defendants admit that Defendant, Pfc. Michael Stuk, is a citizen, Defendants are without sufficient knowledge if Pfc. Michael Stuk is a resident of South Bend, Indiana as alleged in Paragraph 6 of the Complaint and in as much as the remaining allegations call for a legal conclusion, the Defendants deny the remaining allegations in Paragraph 6 of the Complaint.**

7. Defendant, OFFICER AARON KNEPPER, is a citizen and resident of South Bend, Indiana and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the South Bend Police Department, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of South Bend, Indiana, and was acting under color of state law.

**ANSWER:  Defendants admit that Defendant, Officer Aaron Knepper, is a citizen, Defendants are without sufficient knowledge if Officer Aaron Knepper is a resident of South Bend, Indiana as alleged in Paragraph 7 of the Complaint and in as much as the remaining allegations call for a legal conclusion, the Defendants deny the remaining allegations in Paragraph 7 of the Complaint.**

8.  The Defendant, CITY OF SOUTH BEND, is a political subdivision of the State of Indiana, for which Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, serve as police officers, CHARLES HURLE, serves as Interim Chief of Police of the South Bend Police Department, and PETE BUTTIGIEG, serves as Mayor. MAYOR. CITY OF SOUTH (sic) is the political subdivision of the State of Indiana responsible for the training and supervision of Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER.  PETE BUTTIGIEG, as Mayor, and the CITY OF SOUTH BEND has established or delegated to Defendant CHARLES HURLEY, as Interim Chief of Police of the South Bend Police Department, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of South Bend regarding arrests and African-American citizens or citizens with disabilities.

**ANSWER:  The Defendants admit The Defendant, CITY OF SOUTH BEND, is a political subdivision of the State of Indiana, for which Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, serve as police officers, CHARLES HURLEY, serves as Interim Chief of Police of the South Bend Police Department, and PETE**

**BUTTIGIEG, serves as Mayor as alleged in Paragraph 8 of the Complaint and**

**in as much as the remainder of the allegations calls for a legal conclusion,**

**Defendants deny the remaining allegations of Paragraph 8 of the Complaint.**

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS
PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK,
and OFFICER AARON KNEPPER,
FOR VIOLATING THE SECURITY
OF PLAINTIFFS' HOME
(FOURTH AMENDMENT)**

9. This action arises under Title 42 U.S. Code Sections 1983 and 1988 and the United

States Constitution.

**ANSWER:  Defendants admit the allegations in Paragraph 9 of the Complaint.**

10. At all times mentioned herein, each of the defendants was an agent and/or employee

of the other defendants and was acting within the course and scope of said agency

and/or employment.

**ANSWER:  Since the Defendant does not know what Defendants "who were**

**employed by the other Defendants" are, Defendants deny the allegations in**

**Paragraph 10 of the Complaint**

11. On or about July 7, 2012, DAN FRANKLIN, VIVIAN FRANKLIN,  and,

DESHAWN FRANKLIN, were lawfully in possession of their home, when South

Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL

STUK, and OFFICER AARON KNEPPER went to the Franklin residence between

the hours of 2 and 3 AM.

**ANSWER:  Defendants admit the allegations contained in Paragraph 11 of the**

**Complaint apart from the phrase "were lawfully" as Defendants are without**

**sufficient information to admit or deny this allegation.**

12. Upon arrival at the home, the Defendant officers beat loudly on the front door awakening Mrs. Franklin.

**ANSWER:  Defendants admit upon arrival at the home, the Defendant officers as alleged in Paragraph 12 of the Complaint and are without sufficient information to admit or deny the remainder of the allegations.**

13. When she opened the door, Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were standing at the door with weapons drawn and flash lights in their hand shining the light in Mrs. Franklin's face. She was ordered out of the house and placed on the front porch. The Defendant officers then without a warrant and without probable cause, unlawfully entered the home in violation of the Fourth Amendment to the U.S. Constitution,  to wit, the right of the people to be secure in their ... houses ... against unreasonable searches and seizures, first stopping at Mr. and Mrs. Franklin's bedroom.

**ANSWER:  Defendants admit "When she opened the door, Defendants Patrolman Eric Mentz, Pfc., Michael Stuk, and Officer Aaron Knepper, were standing at the door" as alleged in Paragraph 13 of the Complaint, Defendants deny "with weapons drawn" as alleged in Paragraph 13 of the Complaint, Defendants are without sufficient knowledge to admit or deny "and flash lights in their hand shining the light in Mrs. Franklin's face." And Defendants deny "she was ordered out of the house and placed on the front porch," as alleged in Paragraph 13 of the Complaint.  In as much as the remainder of the allegations calls for a legal conclusion, Defendants deny the remainder of the allegations in Paragraph 13 of the Complaint.**

14. Mr. Dan Franklin, who was asleep in the couples (sic) bedroom, and is disabled, was ordered to get up out of the bed. He explained that he uses a cane to walk. One officer remained with Mr. Franklin while the two other officers proceeded to go into the bedroom of the Franklin's son, DeShawn.

**ANSWER: Defendants are without sufficient information to admit or deny "Mr. Dan Franklin, who was asleep in the couple's bedroom, and is disabled, was ordered to get up out of the bed. He explained that he uses a cane to walk." As alleged in Paragraph 14 of the Complaint and Defendants deny the remainder of the allegations in Paragraph 14 of the Complaint.**

15. The Defendant officers enter the bedroom of Deshawn, and he was awoke (sic) from his sleep by being tased, and punched several times, as he screamed for his mother. Officers then pulled him out of his bed to the floor, handcuffed and took him out of the home, placed him into a patrol vehicle, where he sat with a taser probe embedded in his side for at least two hours.

**ANSWER: Defendants deny "The Defendant officers entered the bedroom of Deshawn, and he was awoke from his sleep by being tased, and punched several times" as alleged in Paragraph 15 of the Complaint, Defendants are without sufficient knowledge to admit or deny "as he screamed for his mother." Defendants deny "Officers then pulled him out of his bed to the floor, handcuffed and took him out of the home." Defendants admit "placed him into a patrol vehicle" and Defendants are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 15 of the Complaint.**

16. Due to the location of the probe paramedics were called to the scene to render medical treatment. After several hours he was released. Officers explained they had been looking for the Franklin's older son, who did not live there.

**ANSWER:  Defendants deny "Due to the location of the probe," Defendants admit "paramedics were called to the scene to render medical treatment." Defendants deny "After several hours he was released", Defendants admit Officers explained they had been looking for the Franklin's older son, and Defendants deny "who did not live there" as alleged in Paragraph 16 of the Complaint in as much as it is not clear if that statement made by the Police Officer at the time or an assertion made by the Plaintiffs.**

17. The Franklin's older son, who the police claimed they were looking for arrived at the home while officers were still on the scene, but was not arrested.

**ANSWER:  Defendants are without sufficient information to admit or deny the allegations of Paragraph 17 of the Complaint.**

18. At all times herein mentioned, all defendants were acting under color of law.

**ANSWER:  Defendants deny the allegations contained in Paragraph 18 of the Complaint in as much as it calls for a legal conclusion.**

19. The actions of PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, were reckless and grossly negligent and legally caused plaintiffs damages according to proof at trial.

**ANSWER:  Defendants deny the allegations in Paragraph 19 of the Complaint.**

20. The actions of PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK,  and OFFICER AARON KNEPPER, were motivated by evil motive or intent and involved

reckless and callous indifference to the federally protected rights of others entitling

plaintiffs to punitive damages.

**ANSWER:  Defendants deny the allegations in Paragraph 20 of the Complaint.**

### SECOND CAUSE OF ACTION
### AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and
### OFFICER AARON KNEPPER FOR USE OF EXCESSIVE FORCE
### (FOURTH AMENDMENT)

21. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if

set forth in full at this point.  Defendants restate and reiterate all of the foregoing

answers to paragraphs of this complaint as if set forth in full at this point.

22. Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER

AARON KNEPPER, thereupon assaulted, battered, and used excessive force on

Plaintiff Deshawn Franklin. In addition, PATROLMAN ERIC MENTZ, PFC.

MICHAEL STIJK, and OFFICER AARON KNEPPER tased and handcuffed plaintiff

Deshawn Franklin.

**ANSWER:  Defendants deny "Defendants Patrolman Eric Mentz, Pfc. Michael**

**Stuk, and Officer Aaron Knepper, thereupon assaulted, battered, and used**

**excessive force on Plaintiff Deshawn Franklin" as alleged in Paragraph 22 of the**

**Complaint and admit the remaining allegations in Paragraph 22 of the**

**Complaint.**

23. The foregoing violated plaintiffs right under the Fourth Amendment to be secure in

their persons from unreasonable seizures.

**ANSWER:  Defendants deny the allegations in Paragraph 23 of the Complaint.**

24. As a direct and legal result of the foregoing, plaintiff Deshawn Franklin was hurt and injured in his health, strength, and activity, sustaining injury to his body and shock and injury to his nervous system and person, which have caused, and will continue to cause, plaintiff great physical, mental, and emotional pain and suffering, all to his general damage in a sum which will be proven at trial.

**ANSWER:  Defendants deny the allegations in Paragraph 24 of the Complaint.**

### THIRD CAUSE OF ACTION
### AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER
### AARON KNEPPER FOR UNLAWFUL ARREST (FOURTH AMENDMENT)

25. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point. Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

26. PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER without a warrant and without probable cause, arrested plaintiff in violation of plaintiff's Fourth Amendment right to be secure in his person from unreasonable seizure and his Fourteenth Amendment right not to be deprived of his liberty without due process of law.

**ANSWER: Defendants deny the allegations in Paragraph 26 of the Complaint.**

(There is no paragraph 27 in the Complaint.)

**FOURTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR INVASION OF PRIVACY**
**(FIRST AMENDMENT)**

28.  Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point. Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

29. After the incident, defendants to the local media (sic), that Plaintiff home (sic) had been entered because a violent crime had been committed and the suspect was in the Plaintiffs' home.

**ANSWER:  Defendants deny the allegations in Paragraph 29 of the Complaint.**

30. By supplying such information to the media, defendants knew and intended that such information would be published to the community.

**ANSWER:  Defendants deny the allegations in Paragraph 30 of the Complaint.**

31. The media published the defendant's untrue version of the incident.

**ANSWER:  Defendants are without sufficient information to admit or deny the allegations in Paragraph 31.**

32. The foregoing violated plaintiffs' First Amendment right to privacy.

**ANSWER:  Defendants deny the allegations in Paragraph 32 of the Complaint.**

**FIFTH CAUSE OF ACTION**
**AGAINST ALL DEFENDANTS**
**FOR FAILURE TO PROTECT PLAINTIFF**

33.  Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point. Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

34. Defendants or some of them placed plaintiffs in positions of danger, to wit, having their home invaded without probable cause and without a warrant, subjecting Deshawn Franklin to excessive force, falsely arresting him, and invading the Franklin's privacy.

   **ANSWER:  Defendants deny the allegations in Paragraph 34 of the Complaint.**

35. Defendants and others of them had the then present ability to protect plaintiffs from harm.

   **ANSWER:  Defendants deny the allegations in Paragraph 35 of the Complaint.**

36. The senior officer among the Defendants present, who will be identified after discovery has been conducted, could have prevented the other two officers from entering the apartment but recklessly and with gross negligence, failed to do so.

   **ANSWER:  Defendants deny the allegations in Paragraph 36 of the Complaint.**

37. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from entering the home but recklessly and with gross negligence, failed to do so.

   **ANSWER:  Defendants deny the allegations in Paragraph 37 of the Complaint.**

38. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the officers from assaulting, battering, and using excessive force upon plaintiff, but recklessly and with gross negligence, failed to do.

   **ANSWER:  Defendants deny the allegations in Paragraph 38 of the Complaint.**

39. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the two other defendants

from assaulting, battering and using excessive force upon plaintiff, but recklessly and with gross negligence, failed to do so.

**ANSWER:  Defendants deny the allegations in Paragraph 39 of the Complaint.**

40. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from unlawfully arresting plaintiff, but recklessly and with gross negligence, failed to do so.

**ANSWER:  Defendants deny the allegations in Paragraph 40 of the Complaint.**

41. The senior officer among the Defendants present, who will be identified after discovery has been conducted, had the ability to prevent the other two officers from unlawfully arresting plaintiff, but recklessly and with gross negligence, failed to do so.

**ANSWER:  Defendants deny the allegations in Paragraph 41 of the Complaint.**

42. All defendants had the ability to prevent transmission of information and misinformation about plaintiffs to the local media, but recklessly and with gross negligence, failed to do so.

**ANSWER:  Defendants deny the allegations in Paragraph 42 of the Complaint.**

## SIXTH CAUSE OF ACTION
### AGAINST AGAINST (sic) PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND FOR TRESPASS

43. Plaintiffs restate and reiterates (sic) all of the foregoing paragraphs of this complaint as if set forth in full at this point.  Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

44. On or about July 7, 2012, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, were lawfully in possession of their home, and were entitled to exclusive possession thereof.

**ANSWER: Defendants admit "On or about July 7, 2012, Dan Franklin, Vivian Franklin, and, DeShawn Franklin", Defendants are without sufficient information to admit or deny "were lawfully" and Defendants admit "in possession of their home" as alleged in Paragraph 44 of the Complaint and is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 44 of the Complaint.**

45. At said time and place, without a warrant and without probable cause or invitation, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER entered into and onto said premises, thereby committing trespass.

**ANSWER: Defendants admit "At said time and place, without a warrant", Defendants deny "and without probable cause" and Defendants admit "or invitation, Patrolman Eric Mentz, Pfc. Michael Stuk, and Officer Aaron Knepper entered into and onto said premises" and Defendants deny the remaining allegations in Paragraph 45 of the Complaint.**

46. PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER were guilty of oppression, fraud, and malice, entitling plaintiffs to recover, in addition to actual damages, damages for the sake of example and by way of punishing defendants.

**ANSWER: Defendants deny the allegations in Paragraph 46 of the Complaint.**

47. On or about October 16, 2012, DAN FRANKLIN, VIVIAN FRANKLIN, and, DESHAWN FRANKLIN, filed a claim under the pursuant to Ind. Code § 34-13-3-6, setting forth this and the following claims. On or about January 17, 2012, the City of South Bend rejected the claims by failing to respond.

**ANSWER:  Defendants admit the allegations in Paragraph 47 of the Complaint.**

### SEVENTH CAUSE OF ACTION
### AGAINST PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND FOR BATTERY

48. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.  Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

49. On or about July 7, 2012, South Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER went to the Franklin residence between the hours of 2 and 3 AM., touched and manhandled plaintiffs, beat Deshawn Franklin, without plaintiffs consent. In addition, South Bend Police Officers Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER tased  and handcuffed Deshawn Franklin.

**ANSWER:  Defendants admit "On or about July 7, 2012, South Bend Police Officers Defendants Patrolman Eric Mentz, Pfc. Michael Stuk, and Officer Aaron Knepper went to the Franklin residence between the hours of 2 and 3 a.m., touched" Defendants deny "and manhandled", admits "plaintiffs", and Defendants deny "beat Deshawn Franklin, without plaintiffs consent.  In addition," as alleged in Paragraph 49 of the Complaint.  Defendants admit the remaining allegations in Paragraph 49 of the Complaint.**

## EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND FOR FALSE ARREST

50. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.  Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

51. At the above said time and place, PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER, without a warrant and without probable cause, falsely arrested plaintiff Deshawn Franklin.

**ANSWER:  Defendants deny the allegations in Paragraph 51 of the Complaint.**

## NINTH CAUSE OF ACTION
## AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW
**(False Imprisonment)**

52. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.  Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

53. Plaintiffs aver that the Defendants breached a duty of care owed to Plaintiffs, so as not to deprive them of their personal liberty, by intentionally restraining or detaining Plaintiffs without just cause and without mittimus from a court.

**ANSWER:  Defendants deny the allegations in Paragraph 53 of the Complaint.**

54. Plaintiffs aver that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained Deshawn Franklin, against his will through use of force for a period of close to 120 minutes.

**ANSWER:  Defendants deny the allegations in Paragraph 54 of the Complaint.**

55. At no time during the detainment did plaintiffs DAN FRANKLIN and VIVIAN resist

or attempt to resist the Defendant officers, but were fully cooperating with the orders

of the Defendants who had guns pointed at them at various times.

**ANSWER:  Defendants deny the allegations in Paragraph 55 of the Complaint.**

56. Plaintiffs aver that the Defendants are liable to them for false imprisonment.

**ANSWER:  Defendants deny the allegations in Paragraph 56 of the Complaint.**

57. As a direct and proximate result of the false imprisonment by the Defendants,

Plaintiff Deshawn Franklin suffered personal injuries, and DAN FRANKLIN,

VIVIAN FRANKLIN, and DESHAWN FRANKLIN suffered emotional distress.

**ANSWER:  Defendants deny the allegations in Paragraph 57 of the Complaint.**

**TENTH CAUSE OF ACTION**
**AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL**
**STUK, OFFICER AARON KNEPPER, PETE BUTTIGIEG, MAYOR,**
**CHARLES HURLEY,**
**Interim Chief of Police of the South Bend Police Department,**
**AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA**
**GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW**
**(Negligence)**

58.  Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if

set forth in full at this point. Defendants restate and reiterate all of the foregoing

answers to paragraphs of this complaint as if set forth in full at this point.

59. Each Defendant owed Plaintiffs a duty to use due care at or about the times of the

aforementioned incident.

**ANSWER:  Defendants deny the allegations contained in Paragraph 59 of the**

**Complaint as it is not clear what the duty of care the Defendant owed the**

**Plaintiff or what due care they failed to exercise. For those reasons, the**

**Defendants deny.**

60. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

**ANSWER: Defendants deny the allegations in Paragraph 60 of the Complaint.**

### ELEVENTH CAUSE OF ACTION
**AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, OFFICER AARON KNEPPER, PETE BUTTIGIEG, MAYOR, CHARLES HURLEY,**
**Interim Chief of Police of the South Bend Police Department,**
**AND CITY OF SOUTH BEND INDIANA PURSUANT TO INDIANA GOVERNMENTAL TORT LIABILITY/INDIANA COMMON LAW**
**(Negligent Supervision)**

61. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point. Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

62. Each Defendant owed Plaintiffs a duty to use due care at or about the time of the aforementioned incidents.

**ANSWER: Defendants deny the allegations contained in Paragraph 62 of the Complaint. It is not clear what the duty of care the Defendant owed the Plaintiff or what due care they failed to exercise. For those reasons, the Defendants deny.**

63. Defendants CITY OF SOUTH BEND, and PETE BUTTIGIEG, MAYOR, negligently supervised Defendant CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, who in turn negligently supervised Defendants PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, OFFICER AARON

KNEPPER by failing to provide proper training and outline proper procedure with minorities and disabled persons.

**ANSWER: Defendants deny the allegations in Paragraph 63 of the Complaint.**

64. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiffs as alleged herein.

**ANSWER: Defendants deny the allegations in Paragraph 64 of the Complaint.**

### TWELFTH CAUSE OF ACTION
### AGAINST DEFENDANTS PATROLMAN ERIC MENTZ, PFC. MICHAEL STUK, and OFFICER AARON KNEPPER AND CITY OF SOUTH BEND PURSUANT TO INDIANA COMMON LAW FOR ASSAULT

65. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point. Defendants restate and reiterate all of the foregoing answers to paragraphs of this complaint as if set forth in full at this point.

66. Plaintiffs aver that the actions of the Defendants breached a duty of care owed to Plaintiffs to not assault them or cause them physical harm or injury, except to the extent allowed by law.

**ANSWER: Defendants deny the allegations in Paragraph 66 of the Complaint.**

67. Plaintiffs aver that the Defendants knowingly, wantonly, intentionally, and with gross disregard for the rights of Plaintiffs, assaulted them by pointing firearms at Mrs. Vivian Franklin, and punching, slamming to the bedroom floor and tasing Deshawn Franklin.

**ANSWER: Defendants deny the allegations in Paragraph 67 of the Complaint.**

68. Further, Plaintiff Deshawn Franklin was shoved into the back seat of a patrol car and left handcuffed with a taser probe in his side for at least two hours, in fear.

**ANSWER: Defendants admit "Further, Plaintiff Deshawn Franklin" as alleged in Paragraph 68 of the Complaint, Defendants deny "was shoved" and Defendants admit "into the back seat of a patrol car and left handcuffed with a taser probe in his side" and Defendants are without sufficient information as to "for at least two hours, in fear" as alleged in Paragraph 68 of the Complaint.**

69. As a direct and proximate result of the acts of the Defendants, Plaintiffs suffered both physical and mental injuries and are entitled to relief.

**ANSWER:  Defendants deny the allegations in Paragraph 69 of the Complaint.**

## ATTORNEY'S FEES

70. If plaintiffs prevails in this action, by settlement or otherwise, plaintiffs are entitled to and hereby demands attorney's fees under 42 U.S.C. Section 1988.

WHEREFORE, the Defendants, Civil City of South Bend, Pete Buttigieg, Mayor, Charles Hurley, Interim Chief of Police of the South Bend Police Department, Patrolman Eric Mentz, Pfc. Michael Stuk and Officer Aaron Knepper, respectfully request that this court enter a judgment in their favor and against the plaintiff so that the plaintiff does not take anything by way of his complaint and for all other just and equitable relief in the premises.

## AFFIRMATIVE DEFENSES

The Defendants, Civil City of South Bend, Pete Buttigieg, Mayor, Charles Hurley, Interim Chief of Police of the South Bend Police Department, Patrolman Eric

Mentz, Pfc. Michael Stuk, and Officer Aaron Knepper., file their affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff brings any state tort claims, the Defendants are immune from liability to Plaintiff pursuant to I.C. § 34-13-3-1, *et. seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent with regard to his own safety and well-being, which carelessness and negligence proximately caused and/or contributed to the injuries and/or damages alleged.

### FOURTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages about which Plaintiff complains were the proximate result of the risk voluntarily incurred or assumed by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants breached no duty owed to Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants are not liable because they have qualified immunity based on the facts and the law.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are immune pursuant to Indiana Code, I.C. §34-13-3-3(8)(10)(13).

### EIGHT AFFIRMATIVE DEFENSE

The Defendants hereby reserve any and all rights they may have to raise

additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully submitted,

s/Jeffrey L. Sanford
Jeffrey L. Sanford, Atty. No. 14111-71
Deputy City Attorney
227 W. Jefferson Boulevard, Suite 1400
South Bend, Indiana 46601
574.235.9241
Attorney for Civil City of South Bend,
Pete Buttigieg, Mayor, Charles Hurley,
Interim Chief of Police of the South Bend
Police Department, Patrolman Eric Mentz,
Pfc. Michael Stuk, and Officer Aaron
Knepper

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon Johnny W. Ulmer, Cataldo Law Offices, Inc., P.O. Box 866, Bristol, IN 46507, by depositing same in United States mail, postage prepaid this 17 day of April 2013.

s/Jeffrey L. Sanford
Jeffrey L. Sanford