# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DAN FRANKLIN, VIVIAN FRANKLIN, and DESHAWN FRANKLIN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) CAUSE NO.: 3:13-CV-207-TLS ) |
| CIVIL CITY OF SOUTH BEND, PETE BUTTIGIEG, Mayor, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, ERIC MENTZ, Patrolman, PFC MICHAEL STUK, and OFFICER AARON KNEPPER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

The Plaintiffs, Dan Franklin, Vivian Franklin, and Deshawn Franklin, have sued the Defendants for an incident occurring on July 7, 2012. Dan and Vivian Franklin are the parents of Deshawn Franklin. The Plaintiffs allege that between the hours of 2 and 3 AM Defendants Patrolman Eric Mentz, PFC Michael Stuk, and Officer Aaron Knepper, entered their residence without a warrant and without probable cause, assaulted and battered Plaintiff Deshawn Franklin, and arrested him through use of a taser. Plaintiff Deshawn Franklin was later released, and officers explained to the Plaintiffs that they had been looking for the Franklins' older son, who, according to the Plaintiffs, did not live at the residence entered by the police on July 7, 2012.

On February 26, 2013, the Plaintiffs filed a twelve-count Complaint at Law [ECF No. 1] in the St. Joseph Circuit Court, raising claims for violation of the First, Fourth, Fifth, and Fourteenth Amendments through 42 U.S.C. § 1983, along with state claims for trespass, battery, false arrest, false imprisonment, negligence, negligent supervision, and assault. In addition to

Defendants Mentz, Stuk, and Knepper, the Plaintiffs raised claims against Defendant Civil City of South Bend (South Bend), Defendant Pete Buttigieg, Mayor of South Bend, and Defendant Charles Hurley, Interim Chief of Police of the South Bend Police Department. The Plaintiffs did not indicate whether they intended to sue Defendants Buttigieg and Hurley in their individual or official capacities. The Defendants filed a Notice of Removal [ECF No. 2] on March 15, 2013, removing the matter to this Court. The Defendants filed an Answer [ECF No. 8] on April 17.

On May 2, Defendants South Bend, Buttigieg, and Hurley filed a Motion to Dismiss the Plaintiffs Federal Based Claim Pursuant to 12(b)(6) [ECF No. 11] along with a Memorandum in Support [ECF No. 12]. The Plaintiffs filed a Response [ECF No. 13] on May 9, and Defendants South Bend, Buttigieg, and Hurley filed a Reply [ECF No. 15] on May 20. The Motion to Dismiss is fully briefed and ripe for this Court's ruling.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

The Supreme Court has articulated the following standard regarding factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his

> "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556).

Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678; *see also Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012) (stating that a court need not accept as true "legal conclusions or conclusionary allegations that merely recite a claim's elements"). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Iqbal*, 556 U.S. at 680; *see also Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). Finally, determining whether a complaint states a plausible claim for relief requires a reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Defendants South Bend, Buttigieg, and Hurley request dismissal of only the federal § 1983 claims brought in the Plaintiffs' fourth and fifth causes of action. The Court will address these claims in turn.

### A.  The Plaintiffs' Fourth Cause of Action

The Plaintiffs state a fourth cause of action for invasion of privacy in violation of the First Amendment against all Defendants. Specifically, the Plaintiffs allege as follows concerning the July 7 incident:

> 29. After the incident, defendants to the local media, that Plaintiff home had been entered because a violent crime had been committed and the suspect was in the Plaintiffs' home.
> 30. By supplying such information to the media, defendants knew and intended that such information would be published to the community.
> 31. The media published the defendant's untrue version of the incident.
> 32. The foregoing violated plaintiffs' First Amendment right to privacy.

(Compl. 7–8, ECF No. 1.)

The Defendants insist that dismissal of the Plaintiffs' fourth cause of action is appropriate because the Plaintiffs have failed to plead facts plausibly suggesting the possibility of relief. The Plaintiffs have sued the Defendants for violations of their federal constitutional rights pursuant to 42 U.S.C. § 1983. Section 1983 imposes liability on any "person" who, while acting under color of state law, deprives an individual of federally protected rights. 42 U.S.C. § 1983; *see Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Section 1983 authorizes claimants to sue persons in their individual capacities who are alleged to have violated such rights. *Lewis v. Downey*, 581 F.3d 467, 472–73 (7th Cir. 2009). Section 1983 also authorizes claimants to sue persons in their

official capacities. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). However, "[s]ection 1983 does not establish a system of vicarious responsibility." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). Instead, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Id.* at 594; *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

As noted above, the Plaintiffs did not indicate in their Complaint whether they intended to sue Defendants Buttigieg and Hurley in their individual or official capacities. As to Defendant South Bend, the Plaintiffs' claims against the municipality are clearly not individual capacity claims. But the claims against Defendants Buttigieg and Hurley are less clear. In the Plaintiffs' fourth cause of action, for example, the Plaintiffs appear to be alleging that some or all of the Defendants personally went to local media and stated that the police had entered the Plaintiffs' home because a violent crime had been committed and the suspect was in the home. If the Plaintiffs had alleged that Defendants Buttigieg or Hurley personally took this action, this would be a plausible claim against these Defendants in their individual capacities, and would survive a motion to dismiss under *Twombly*. Nowhere in the Complaint, however, do the Plaintiffs give any indication which Defendants personally took the actions complained of in the fourth cause of action. Accordingly, the Court will grant the Defendants' Motion to Dismiss as to the Plaintiffs' fourth cause of action concerning Defendants Buttigieg and Hurley in their individual capacities.

The Defendants in their Motion assume that the Plaintiffs' fourth cause of action as

against Defendants South Bend, Buttigieg, and Hurley, can only be an official capacity claim. Because an official capacity claim requires personal involvement on the part of those being sued, *Chavez*, 251 F.3d at 651, the Defendants argue that the Plaintiffs have failed to plausibly assert municipal liability.

A government entity can be held liable under § 1983 for its own acts, as opposed to those of its employees, as long as they are the moving force behind the constitutional violation. *Estate of Sims*, 506 F.3d at 514–15. A government entity acts through its official policy or custom, which can be demonstrated by the following:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Id.* at 515.

The Court agrees with the Defendants that the Plaintiffs have failed to plausibly suggest the possibility of relief against Defendant South Bend or against Defendants Buttigieg and Hurley in their official capacities. In asserting claims against a municipality, under *Twombly* and *Iqbal*, a plaintiff must "'provid[e] some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). This means that "'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Here, the Plaintiffs were required to plead factual content that allows the court to draw the reasonable inference that Defendants South Bend, Buttigieg, and Hurley maintained a policy, custom, or practice of invasion of privacy that was the moving force behind the violation complained of in

the fourth cause of action. *See McCauley*, 671 F.3d at 616. The Plaintiffs have failed to do so. While the Plaintiffs assert generally that Defendants Buttigieg and Hurley had the ability to set policies for the South Bend Police Department, nowhere do the Plaintiffs assert that Defendants Buttigieg or Hurley set any policies relating to the First Amendment or invasion of privacy. Nor do the Plaintiffs assert that either Defendant Buttigieg or Hurley was a final policymaker for the purposes of a § 1983 municipal liability claim. *See Valentino v. Vill. of S. Chi. Heights*, 575 F.3d 664, 675–76 (7th Cir. 2009) (distinguishing between decisionmakers and policymakers). In their Response, the Plaintiffs argue in general that Defendants Buttigieg and Hurley failed to properly train and failed to set appropriate policies. But nowhere in their Response do the Plaintiffs suggest how any policy, practice, or custom set by Defendants Buttigieg or Hurley impacted the First Amendment invasion of privacy claim from the fourth cause of action. Absent some specific facts, the Plaintiffs' allegations in the fourth cause of action as against Defendants South Bend, Buttigieg, and Hurley are merely conclusory formulations of the elements of a cause of action, and dismissal under Rule 12(b)(6) is appropriate. *See McCauley*, 671 F.3d at 618 (upholding dismissal of municipal liability claim because the plaintiff failed to plausibly suggest that the municipality had a policy or practice that violated the law); *Adams v. Tortorello*, No. 13 C 455, 2013 WL 4476626, at *3 (N.D. Ill. Aug. 20, 2013) (dismissing municipal liability claim under *Twombly* and *Iqbal*); *Danilkowicz v. City of Park Ridge*, No. 13 C 3103, 2013 WL 4401428, at *3 (N.D. Ill. Aug. 15, 2013) (citing *McCauley*, and dismissing municipal liability claim under *Twombly* and *Iqbal*); *Starks v. City of Waukegan*, — F. Supp. 2d —, 2013 WL 2243089, at *10–11 (N.D. Ill. May 21, 2013) (dismissing municipal liability claim under *Iqbal*); *McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1018–19 (N.D. Ill. 2012) (stating that the

plaintiff's municipal liability claim failed to meet the *Twombly* standard). Accordingly, the Court will dismiss the claims in the Plaintiff's fourth cause of action as against Defendants South Bend, Buttigieg, and Hurley.

B.     **The Plaintiffs' Fifth Cause of Action**

The Plaintiffs state a fifth cause of action for failure to protect against all Defendants. Specifically, the Plaintiffs allege as follows:

> 34.     Defendants or some of them placed plaintiffs in positions of danger, to wit, having their home invaded without probable cause and without a warrant, subjecting Deshawn Franklin to excessive force, falsely arresting him, and invading the Franklin's privacy.
> 35.     Defendants and others of them had the then present ability to protect plaintiffs from harm.

(Compl. 8.) The Plaintiffs also allege that the "senior officer among the Defendants present, who will be identified after discovery has been conducted," had the ability to prevent the two other defendants from entering the home, assaulting, battering, and using excessive force upon Plaintiff Deshawn Franklin, and unlawfully arresting Plaintiff Deshawn Franklin, but "recklessly and with gross negligence, failed to do so." (*Id.* 8–9.) Finally, the Plaintiffs allege that "[a]ll defendants had the ability to prevent transmission of information and misinformation about plaintiffs to the local media, but recklessly and with gross negligence, failed to do so." (*Id.* 9.) The Plaintiffs do not allege that Defendants Buttigieg or Hurley were present at their residence during the July 7 incident.

The Defendants insist that dismissal of the Plaintiffs' fifth cause of action is appropriate because the Plaintiffs have failed to plead facts plausibly suggesting the possibility of relief. For many of the reasons discussed above, the Court agrees. The Plaintiffs do not appear to be

8

asserting individual capacity claims against Defendants Buttigieg and Hurley. Instead, the Plaintiffs argue that Defendants South Bend, Buttigieg, and Hurley were responsible for setting the policies, practices, and customs that governed the actions of the police Defendants. The Plaintiffs, therefore, appear to be raising a municipal liability claim against Defendant South Bend, and official capacity claims against Defendants Buttigieg and Hurley for failure to institute policies, practices, and customs that would have protected the Plaintiffs from the First and Fourth Amendment violations they allege in the fifth cause of action. But, as discussed concerning the fourth cause of action, in order to assert a municipal liability claim, the Plaintiffs must "'plead factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that was the driving force behind the violation. *McCauley*, 671 F.3d at 616 (quoting *Iqbal*, 129 S. Ct. at 1949; citing *Monell*, 436 U.S. at 694; *Srail v. Village of Lisle, Ill.*, 588 F.3d 940, 943 (7th Cir. 2009)) (brackets omitted). Further, under *Iqbal*, "knowledge of subordinates' misconduct is not enough for liability. The supervisor must want the forbidden outcome to occur." *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012). As the Seventh Circuit has stated in the context of a failure to train claim under § 1983, "an inadequacy in police training can serve as a basis for liability under Section 1983, but only where the failure to train amounts to deliberate indifference to the citizens the officers encounter." *Matthews v. City of E. St. Louis*, 675 F.3d 703, 709 (7th Cir. 2012) (citing *Hollins v. City of Milwaukee*, 574 F.3d 822, 827 (7th Cir. 2009); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Here, the Plaintiffs have failed to plausibly suggest that Defendants South Bend, Buttigieg, or Hurley maintained a policy, practice, or custom that resulted in a lack of First or

Fourth Amendment protections for the Plaintiffs. Apart from suggesting the absence of an appropriate policy, the Plaintiffs have pled no facts to support their claims in the fifth cause of action. Merely suggesting the absence of an appropriate policy is not enough to survive dismissal. Where a plaintiff fails to set out the grounds upon which his claims rest, the omission "is fatal." *Strauss v. City of Chi.*, 760 F.2d 765, 768 (7th Cir. 1985). "To allow otherwise would be tantamount to allowing suit to be filed on a *respondeat superior* basis. Plaintiffs could file claims whenever a police officer abused them, add *Monell* boilerplate allegations, and proceed to discovery in the hope of turning up some evidence to support the 'claims' made." *Id.* In their Response, the Plaintiffs argue that the Complaint "alleges that the Interim Police Chief and the Mayor personally knew of the alleged wrongdoing and acquiesced to said wrongdoing." (Resp. 3, ECF No. 13.) But the Plaintiffs are mistaken. Nowhere does the Complaint allege that Defendants Buttigieg or Hurley "turn[ed] a blind eye" towards conduct involving the Plaintiffs. *Chavez*, 251 F.3d at 651. The Complaint alleges that Defendants Buttigieg and Hurley had the responsibility for setting policies, and failed to set a policy or procedure that would have protected the Plaintiffs from harm. The Plaintiffs have generally alleged that some unspecified Defendants had an ability to protect them and failed to do so. They have alleged that all Defendants had the ability to prevent violation of their First Amendment rights, and failed to do so. But they have failed to identify any policy, practice, or custom that was the driving force behind the failure to protect claims in the fifth cause of action. Without specific facts "to present a story that holds together," *McCauley*, 671 F.3d at 616, the Plaintiffs' failure to protect claims amount to nothing more than "*Monell* boilerplate allegations," *Strauss*, 760 F.2d at 768, and dismissal of such claims is appropriate.

Moreover, even if the Plaintiffs had plausibly suggested that a policy, custom, or practice of Defendants South Bend, Buttigieg, or Hurley was the driving force behind the failure to protect, they have not alleged that the Defendants actually wanted the forbidden outcome to occur, *Vance*, 701 F.3d at 204, nor that the Defendants in training their subordinates were deliberately indifferent to a risk of harm to the Plaintiffs, *Matthews*, 675 F.3d at 709. For all these reasons, because the Plaintiffs have failed to plead facts that allow the Court to draw the reasonable inference that the Plaintiffs are entitled to relief against Defendants South Bend, Buttigieg, and Hurley under their fifth cause of action, the Court will dismiss these claims pursuant to *Twombly* and *Iqbal*.

**C.     Opportunity to Amend**

A court "should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (stating that the general rule is that "the district court should grant leave to amend after granting a motion to dismiss"). However, a court should not grant leave to amend "where the amendment would be futile." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

The Plaintiffs have failed to plausibly suggest that a policy, custom, or practice instituted

11

by Defendants South Bend, Buttigieg, or Hurley was the driving force behind the invasion of privacy claims in the fourth cause of action, or the failure to protect claims in the fifth cause of action. Moreover, the Plaintiffs have failed to plead that Defendants Buttigieg or Hurley were personally involved in any of the actions complained of in the fourth and fifth causes of action. However, it does not appear that amendment to the Plaintiffs' claims would be futile. Accordingly, the Court will dismiss the Plaintiffs' claims asserted against Defendants South Bend, Buttigieg, and Hurley in the fourth and fifth causes of action without prejudice, and with leave to amend to assert claims comporting with *Twombly*, *Iqbal*, *Monell*, and *McCauley*. The Plaintiffs should specifically state whether they intend to assert claims against Defendants Buttigieg and Hurley in their individual or official capacities.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss [ECF No. 11]. The Court DISMISSES WITHOUT PREJUDICE the Plaintiffs' claims against Defendants South Bend, Buttigieg, and Hurley, asserted in the fourth and fifth causes of action. The Court AFFORDS the Plaintiffs fourteen days from the date of this Opinion and Order to file an amended complaint.

SO ORDERED on September 19, 2013.

       s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT
      FORT WAYNE DIVISION