UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAN FRANKLIN, VIVIAN FRANKLIN, and DESHAWN FRANKLIN, | ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | CAUSE NO.: 3:13-CV-207-TLS |
| CIVIL CITY OF SOUTH BEND, PETE BUTTIGIEG, Mayor, CHARLES HURLEY, Interim Chief of Police of the South Bend Police Department, ERIC MENTZ, Patrolman, PFC MICHAEL STUK, and OFFICER AARON KNEPPER, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs, Dan Franklin, Vivian Franklin, and DeShawn Franklin, have sued the Defendants for an incident occurring on July 7, 2012. Dan and Vivian Franklin are the parents of DeShawn Franklin. The Plaintiffs allege that between the hours of 2:00 and 3:00 AM Defendants Patrolman Eric Mentz, PFC Michael Stuk, and Officer Aaron Knepper, entered their residence without a warrant and without probable cause, assaulted and battered Plaintiff DeShawn Franklin, and arrested him. Plaintiff DeShawn Franklin was later released, and officers explained to the Plaintiffs that they had been looking for the Franklins' older son, who, according to the Plaintiffs, did not live at the residence entered by the police on July 7, 2012.

The Plaintiffs filed a twelve-count Complaint at Law [ECF No. 1] in the St. Joseph Circuit Court, raising claims for violation of the First, Fourth, Fifth, and Fourteenth Amendments through 42 U.S.C. § 1983, along with state claims for trespass, battery, false arrest, false imprisonment, negligence, negligent supervision, and assault. In addition to Defendants Mentz, Stuk, and Knepper, the Plaintiffs raised claims against Defendant Civil City of South Bend

(South Bend), Defendant Pete Buttigieg, Mayor of South Bend, and Defendant Charles Hurley, Interim Chief of Police of the South Bend Police Department. The Complaint was removed to this Court.

Pursuant to an Opinion and Order [ECF No. 19] issued on September 19, 2013, the Plaintiff's fourth and fifth causes of action are no longer pending against South Bend, Buttigieg, and Hurley. Defendants South Bend, Mentz, Stuk, and Knepper have moved for summary judgment [ECF No. 30], and the Plaintiffs have opposed the Motion [ECF No. 32]. The Defendants did not file a reply. Because of the deficiencies in the Defendants' Motion, the Court is unable to grant summary judgment in favor of the Defendants. However, to promote the efficient administration of justice, and because the Defendants' Motion contains some valid arguments to which the Plaintiffs have not responded, the Court will permit the Defendants a second opportunity to show that a full trial on the merits is not warranted.

**A.     Deficiencies in Both Parties' Summary Judgment Submissions**

The Plaintiffs['] Memorandum in Opposition to City Defendants' Motion for Summary Judgment [ECF No. 32] does not contain a "Statement of Genuine Disputes" that identifies the "material facts that the party contends raise a genuine dispute," as required by Northern District of Indiana Local Rule 56-1(b). The section of the Memorandum that the Plaintiffs label as "Disputed Facts" states:

> The key facts upon which Defendants base their motion, which are disputed, are: (1) There was no Fourth Amendment violation; (2) Defendants Knepper, Stuk and Mentz have qualified Immunity; (3) Defendants Knepper, Stuk and Mentz did not use excessive force; (4) there is no Unlawful Arrest Claim; (5) there was no invasion of Privacy; (6) there was no failure to protect the Plaintiff, (7) the Defendants have immunity from any claim of Trespass/Battery; (8) there was no

2

> False arrest/false imprisonment; and (9) the Defendants Knepper, Stuk and Mentz are immune under the Indiana Tort Claims Act and Indiana Common Law.

(Pls.' Mem. 3.) These, of course, are not facts. These are the legal issues raised by the Plaintiffs' litigation and the defense of that litigation.

For the most part, the Plaintiffs' brief does not discuss the Defendants' assertions regarding the events of July 7, 2012. The Plaintiffs have, however, objected to certain of the Defendants' facts, stating that they are not supported by "Rule 56 evidence." (Pls.' Mem. 1.) Specifically, the Plaintiffs assert that "[t]here is no Rule 56 evidence put before this Court by the Defendants that there was ever a warrant issued for non party Dan Jones, that he was in the Franklin home at the time the three Defendant officers Knepper, Stuk and Mentz, illegally entered the Franklin's home, or that he was <u>ever</u> arrested and charged with <u>any</u> crime." (*Id.*) Rule 56 contemplates that a party may assert that a fact is genuinely disputed by showing that "an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). This appears to be what the Plaintiffs are doing, but there is confusion surrounding the Plaintiffs' arguments about Jones.

First, at no point within their Motion for Summary Judgment do the Defendants posit that a warrant was issued for Dan Jones or that he was arrested or charged with a crime. Further, these facts are not pertinent to whether the Defendants had probable cause to believe that Jones committed a crime on July 7, 2012, when the Defendants went looking for him at the Franklin residence. But, there is a problem with the Defendants' designated evidence. The current record lacks properly authenticated evidence related to the events leading up to the entry into the Plaintiffs' home and DeShawn's arrest, including those related to DeShawn's brother, Dan Jones.

3

The Defendants' version of events is extracted mostly from exhibits that purport to be case reports for the South Bend Police Department. The police reports are not admissible as presented to the Court on this summary judgment record. When deciding a motion for summary judgment, a court may consider any material that would be admissible or usable at trial, including properly authenticated and admissible documents or exhibits. *Smith v. City of Chi.*, 242 F.3d 737, 741 (7th Cir. 2001). For example, documents may be admissible as a business record under Federal Rule of Evidence 803(6). *See Woods v. City of Chi.*, 234 F.3d 979, 988 (7th Cir. 2000). "To be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable. Normally, to demonstrate such trustworthiness and reliability at the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records." *Id.* (citations omitted).

Under Federal Rule of Evidence 901, the requirement of authentication or identification is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims. However, under certain circumstances, a court may admit documents as business records without requiring a party to authenticate them by affidavit. Here, there is no basis to conclude that the Plaintiffs have already conceded the accuracy and authenticity of the documents in question, or that the documents were provided during discovery and authenticated through deposition testimony. *See, e.g., Traum v. Equitable Life Assurance Soc'y of the U.S.*, 240 F. Supp. 2d 776, 781 (N.D. Ill. 2002). The Defendants have not identified any basis to forego the requirements for admission of the police reports.

Additionally, both the Defendants and the Plaintiffs have taken troubling short cuts in the presentation of their arguments and claims. For example, the Defendants dedicate two paragraphs to setting forth the principles of law that apply to probable cause and false arrest, but do not examine the facts of this case using those principles. For their part, the Plaintiffs argue that there could be no probable cause to arrest DeShawn because the police had no basis to believe that he "had committed, was committing, or was about to commit an offense while asleep in his bedroom." (Pls.' Mem. 7.) This simplified argument ignores that the officers were actually looking for Dan Jones, who is DeShawn's brother, and mistook DeShawn for his brother. An officer's mistake as to the identity of the person he seized does not automatically invalidate the arrest. *See Hill v. California*, 401 U.S. 797, 802 (1971) ("[W]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest."). "In circumstances where the police mistake a person for someone else they seek to validly arrest, the arrest is constitutional if the arresting officers (1) have probable cause to arrest the person sought and (2) reasonably believe that the person arrested is the person sought." *United States v. Marshall*, 79 F.3d 68, 69 (7th Cir. 1996). The Defendants' version of events could potentially justify their actions, but it suffers from the evidentiary issues mentioned above. Moreover, neither party explicitly addresses this two-pronged test.

In their request for summary judgment, the Defendants submit that even if they violated the Plaintiffs' Fourth Amendment rights, they are entitled to qualified immunity. However, with regard to the excessive force claim, the Defendants merely cite the law of qualified immunity and do not present any analysis using the facts of this case.

The Plaintiffs' submissions are no more helpful. They devote a single paragraph to the false arrest claim. Although the Plaintiffs cite to relevant case law for their remaining Fourth Amendment claims, they do little to discuss the particular facts of the matter now before the Court. The Plaintiffs have asserted state law claims for trespass, battery, false arrest, false imprisonment, negligence, negligent supervision, and assault, yet their Memorandum in Opposition to Summary Judgment does not contain a single citation to an Indiana statute. Conspicuously missing is any discussion of immunity under Indiana Code § 34–13–3–3(8), despite the Defendants' clear invocation of the immunity as an affirmative defense and as a basis for granting summary judgment.

### B. Denial of Summary Judgment and Opportunity to Refile

Based on the current submissions, the Court cannot discern whether the parties disagree on the facts, or simply disagree as to the application of the law to those facts. The Court will deny the Defendants' deficient Motion. However, the Court is mindful that the primary purpose of summary judgment is to avoid unnecessary trials, and that summary judgment must be entered where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). While the Defendants have not made this showing, the Court is not convinced that the Defendants could not cure the deficiencies and make this showing, at least with respect to some of the Plaintiffs' claims. Rule 56 allows a court to give a party "an opportunity to properly support or address" a fact that has not been properly supported. Fed. R. Civ. P. 56(e)(1). If the Defendants satisfy their initial burden upon a properly supported motion for summary judgment, the Plaintiffs will be required

to marshal and present to the Court the evidence upon which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). This duty requires that they include a statement identifying the material facts that the Plaintiffs maintain are genuinely in dispute. The parties are reminded that a court is not "obliged to research and construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendants' Motion for Summary Judgment [ECF No. 30] WITHOUT PREJUDICE, and with an opportunity to refile. To aid in the efficient administration of this case, the Court DIRECTS the Plaintiffs to file by February 27, 2015, a status of the case setting forth the discrete claims they intend to pursue to trial, including which Defendants are being sued for each particular claim. The Defendants shall then have until March 27, 2015, to either file a motion for summary judgment, or a status indicating their intent to proceed to trial. Any motion for summary judgment is to be briefed in accordance with Federal Rule of Civil Procedure 56 and Local Rule 56-1.

SO ORDERED on January 27, 2015.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION