# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DAN FRANKLIN, VIVIAN FRANKLIN, and DESHAWN FRANKLIN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:13-CV-207-TLS |
| ERIC MENTZ, Patrolman, PRC MICHAEL STUK, and OFFICER AARON KNEPPER, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Verified Motion for Costs [ECF No. 90], filed by Defendants' Counsel on August 5, 2016, and the Plaintiffs' Motion for Attorneys Fees [ECF No. 94], filed by Plaintiffs' Counsel on August 19, 2016. The Defendants' Motion for Bill of Costs covers all fees and costs incurred after March 16, 2016, the date that the Defendants made their offer of judgment, through August 1, 2016. (Defs.' Mot. Bill Costs, ECF No. 90.) The Plaintiffs have not filed a Response to the Defendants' Motion. The Plaintiffs' Motion for Attorneys Fees covers all of Plaintiffs' Counsel's expenses incurred during this litigation. (Pls.' Mot. Att'y Fees, ECF No. 94.)

The facts underlying this case were detailed in this Court's most recent Opinion and Order [ECF No. 43], and so only a brief procedural recitation is necessary. The Plaintiffs filed a twelve-count Complaint at Law [ECF No. 1] in the St. Joseph Circuit Court, raising claims for violations of the First, Fourth, Fifth, and Fourteenth Amendments through 42 U.S.C. § 1983, along with state law claims for trespass, battery, false arrest, false imprisonment, negligence, negligent supervision, and assault. The Plaintiffs asserted those claims against Officers Eric

Mentz, Michael Stuk, and Aaron Knepper, as well as some of those claims against Defendant Civil City of South Bend; Defendant Pete Buttigieg, Mayor of South Bend, and; Defendant Charles Hurley, Interim Chief of Police of the South Bend Police Department. The Complaint was removed to this Court.

Pursuant to an Opinion and Order [ECF No. 19] issued on September 19, 2013, the Plaintiffs' fourth cause of action for invasion of privacy, and the fifth cause of action for failure to protect were no longer pending against South Bend, Buttigieg, and Hurley. Defendants Mentz, Stuk, and Knepper moved for summary judgment on all claims brought against them, which the Court granted in part and denied in part on September 3, 2015. From July 26 to 29, 2016, a jury trial was held on the remaining claims against Defendants Mentz, Stuk, and Knepper, for unlawful entry and seizure under the Fourth Amendment and state law false arrest, false imprisonment, and battery. At the conclusion of the trial, the jury returned a verdict in favor of the Plaintiffs on the Fourth Amendment claims and awarded $1.00 to each Plaintiff for a total of $6.00 in damages. (Jury Verdict 1–6, ECF No. 87.) The jury found in favor of the Defendants on the state law claims. (*Id.* at 7–11.)

**A.      Attorney's Fees**

Plaintiffs' Counsel requests $168,430.79 in attorney's fees. (Pls.' Mot. 6.) If a party brings a 42 U.S.C. § 1983 claim and is the "prevailing party," then "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. A civil rights plaintiff who recovers damages in any amount, whether compensatory or nominal, qualifies as a "prevailing party" for purposes of § 1988. *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992). The type of damages awarded at trial determines whether attorney's fees are "reasonable" in a given case. *Id.* at 113. A civil rights plaintiff must demonstrate a constitutional

violation and actual injury to obtain compensatory damages, and if compensatory damages are awarded then it is reasonable to award attorney's fees. *See id.* at 114–16. However, an award of nominal damages generally means that the civil rights plaintiff established a violation of his due process rights but failed to prove actual injury. *Id.* at 112. In such a case, the court's fee award "should reflect (1) the difference between the amount recovered and the damages sought, (2) the significance of the issue on which the plaintiff prevailed relative to the issues litigated, and (3) whether the case accomplished some public goal." *Aponte v. City of Chi.*, 728 F.3d 724, 727 (7th Cir. 2013) (citing *Farrar*, 506 U.S. at 120–22) (O'Connor, J., concurring)). "[T]he only reasonable fee is usually no fee at all" when nominal damages are awarded. *Farrar*, 506 U.S. at 115.

To begin, the Court finds that the Plaintiffs were awarded nominal damages. At the close of trial, Plaintiffs' Counsel requested a total of between $1,275,000.00 and $1,950,000.00 in damages on all claims, which included both compensatory and punitive damages. (Obj. to Pls.' Mot. 6–7.) The jury awarded the Plaintiffs $1.00 each on their constitutional claims, for a total recovery of $6.00. One dollar is commonly understood as nominal damages. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978). It is not problematic that the award was listed on the line of the verdict form for compensatory damages because the form only included lines for "compensatory" and "punitive" damages. *See Aponte*, 728 F.3d at 730 (finding that the jury had awarded nominal damages even though it wrote that award on the "Total Compensatory Damages" line of the verdict form).

Because the Plaintiffs were awarded nominal damages, the Court turns to the *Farrar* factors. Regarding the first factor, the difference between the amount recovered and the damages that the Plaintiffs sought is astronomical, which weighs against an award of attorney's fees.

3

Second, while the Plaintiffs prevailed upon their constitutional claims, the issues litigated therein were not significant and so this factor does not weigh in favor of an award of attorney's fees. Third, the case accomplished the goal of vindicating the Plaintiffs' procedural due process rights, so this factor weighs slightly toward awarding attorney's fees. On balance, the Court finds that this is a case where "the only reasonable fee is . . . no fee at all." 506 U.S. at 115.

The Plaintiffs argue that this Court should not read *Farrar* so narrowly to exclude attorney's fees when only nominal damages are awarded, and cite to multiple cases in support of their argument. *Montanez v. Simon*, 755 F.3d 547 (7th Cir. 2014); *McAfee v. Boczar*, 738 F.3d 81 (4th Cir. 2013); *Aponte*, 728 F.3d at 724; *Gray ex rel. Alexander v. Bostic*, 720 F.3d 887 (11th Cir. 2013); *Richardson v. City of Chi.*, 740 F.3d 1099 (7th Cir. 2014). However, those precedents all reaffirm *Farrar*'s rule that an award of nominal damages does not generally warrant attorney's fees. In *Montanez*, the court noted that if the plaintiff's "victory was purely nominal . . . he would not [have been] entitled to attorney's fees at all." 755 F.3d at 556–57; *see also McAfee*, 738 F.3d at 88 n.6 ("An award of nominal damages signifies right but has not proved actual loss."); *Gray*, 720 F.3d at 894. Conversely, in *Richardson* the court awarded attorney's fees because the Plaintiff was awarded $3,000 in punitive damages and stated that they would have been unwarranted "[i]f the jury had stopped with [just $1.00] in nominal damages." 740 F.3d at 1101. And even though the jury awarded more than $1.00 in *Aponte*, that court nonetheless determined that attorney's fees were not warranted under *Farrar*. 728 F.3d at 730–31 (holding that a $100.00 damages award after $125,000.00 damages sought was sufficiently de minimis, which meant that attorney's fees were barred by *Farrar*).

4

Accordingly, the court finds that awarding Plaintiffs' Counsel any amount of attorney's fees would not be reasonable here because the Plaintiffs themselves were only awarded nominal damages at trial.[1]

**B.      Plaintiffs' Costs**

The Court may award costs pursuant to Federal Rule of Civil Procedure 54(d)(1). "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Pursuant to 28 U.S.C. § 1920, the court is only allowed to tax as costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Before the court may tax a bill of costs, "the party claiming any item of cost or disbursement" is required to submit an "affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924. If the prevailing party does not adequately provide an itemization or documentation for certain costs, those costs may be denied. *See Montanez*, 755 F.3d at 559. In terms of taxing the losing party, the court must be satisfied that the "cost imposed on the losing party is recoverable" and "if so, whether the amount

---

[1] In the future, the Court urges Plaintiffs' Counsel to carefully scrutinize his motions for attorney's fees to ensure that they are, in fact, reasonable. Some of the entries were too vague to determine that the hours worked were reasonable. (Timesheet 3, ECF No. 95-1 ("January 10, 2014: Independent Research 1/2/14 to 1/10/14.").) Other entries raised a serious question as to their reasonableness, such as 261 hours of trial preparation over the course of seven months. (*Id.* 6–9.) And a few entries—35 hours of research in *one day*, 100 hours of research *after* dispositive motions were fully briefed—were obviously not reasonable. (*Id.* 2.)

assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). "[D]istrict courts enjoy wide discretion in determining and awarding reasonable costs," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991), but "[t]here is a presumption that the prevailing party will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate," *Beamon v. Marshall & Ilsley Tr. Co.*, 411 F.3d 854, 864 (7th Cir. 2005).

Plaintiffs' Counsel submitted a Financial Affidavit [ECF No. 91] that satisfies the requirements of § 1924. He then submitted a Timesheet [ECF No. 95-1] which included the following costs: $189.00 filing fee; $704.30 "payment to Midwest Reporting for depositions of officer"; $310.50 "payment to Joseph Simeri for mediation services"; $300.00 "purchase of book entitled *Police Misconduct, Law and Litigation*"; $172.00 "payment to Lt. Lee Ross for appearance and mileage as witness at trial"; $430.14 in hotel expenses from July 26–28, 2016; $254.95 in meal expenses from July 26–29, 2016; $63.25 for 115 miles traveled; $63.25 "posterboard exhibit for trial"; and, $600.00 "copy fees for trial material, 4000 pages @ 15 cents per page." (Timesheet 1, 4–6, 9–10.)

The Defendants do not contest the $189.00 filing fee, the witness fee for Lt. Ross of $172.00, or the deposition transcripts of $704.30. (Obj. to Pls.' Mot. 10–11.) The Court notes that these three categories are allowable as costs under § 1920, and further finds that the amounts assessed for each are reasonable. However, the Defendants contest Plaintiffs' Counsel's remaining costs. First, the Defendants argue that the copy fees are excessive and unwarranted, as the "Plaintiffs have failed to provide any basis why 4000 pages would be necessary" for the trial. (Obj. to Pls.' Mot. at 11.) Second, they argue that the remaining costs are not taxable to the losing party under § 1920.

The Court agrees with the Defendants' objections. It is impossible for the Court to verify from the Timesheet alone whether 4,000 pages of trial materials were reasonable for this trial or even whether 15 cents per page was a reasonable rate for copying. Mediation services, the purchase of books or posterboards that were not used at trial, the expensing of hotels or meals, or total driving mileage reimbursement are not taxable as costs under § 1920. Accordingly, Plaintiffs' Counsel is entitled to $1,065.30 in costs pursuant to Rule 54(d)(1).

C.  **Defendants' Costs**

Defendants' Counsel also filed an unopposed Verified Motion for Costs. Under Federal Rule of Civil Procedure 68, "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." *Id.* 68(d). Because the "costs included in Rule 68 are no more extensive than the costs authorized under Rule 54(d)," a losing party is only entitled to recover those costs listed in 28 U.S.C. § 1920. *Thomas v. Caudill*, 150 F.R.D. 147, 149 (N.D. Ind. 1993); *see also Marek v. Chesny*, 473 U.S. 1, 9 (1985) (noting that fees may be appropriate only if they are "properly awardable [as costs] under the relevant substantive statute"); *Parkes v. Hall*, 906 F.2d 658, 660 (11th Cir. 1990) (noting that "costs which are subject to the cost-shifting provisions of Rule 68 are those enumerated in 28 U.S.C. § 1920"); 12 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3006 (2d ed.). The operation of Rule 68 is mandatory. *See Gavoni v. Dobbs House, Inc.*, 164 F.3d 1071, 1075–76 (7th Cir. 1999).

Here, the Defendants made an offer of judgment on March 16, 2016, for $15,000 (Defs.' V. Mot. Costs 1, ECF No. 90; Offer, ECF No. 90-1), which the Plaintiffs rejected. Defendants'

Counsel's costs incurred after that settlement offer was made are as follows: $795.72 for "4 nights in hotels for 2 attorneys" for Defendants' Counsel; $180.12 for "2 nights in hotels for Defendants"; $196.34 for "90.9 miles x 2 trips x 2 attorneys x 0.54"; $195.05 for "90.3 miles x 4 trips x 0.54" for the Defendants; and, $97.52 for "90.3 miles x 2 trips x 0.54" for witness Detective Dawson. (Costs Docs. 1–15, ECF No. 90-2.)

Having reviewed Defendants' Counsel's Motion, the Court finds that the Defendants made a valid offer of judgment on March 16, 2016, the terms of which were sufficiently clear to the Plaintiffs. *See Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 693–94 (7th Cir. 2013) (noting that a Rule 68 offer must be unambiguous in its terms). The Plaintiffs did not accept Defendants' offer and eventually obtained a judgment at trial that was less. Additionally, the Court finds that the Defendants have sufficiently verified the costs that they incurred after that March 16 offer. However, the only cost requested that is properly recoverable under § 1920 is witness Detective Dawson's mileage, as witnesses are entitled to a travel allowance based upon their mileage traveled by privately owned vehicle. *See* 28 U.S.C. § 1821(c)(2). Accordingly, Defendants' Counsel is entitled to total costs of $97.52 pursuant to Rule 68(d).

**CONCLUSION**

The Court GRANTS IN PART and DENIES IN PART Defendants' Counsel's Verified Motion for Costs [ECF No. 90], and GRANTS IN PART and DENIES IN PART Plaintiffs' Counsel's Motion for Attorneys Fees [ECF No. 94]. The Court finds that a fee award for Plaintiffs' Counsel in this case is not reasonable because the Plaintiffs were only awarded nominal damages. Plaintiffs' Counsel is awarded $1,065.30 in costs and Defendants' Counsel is awarded $97.52 in costs.

SO ORDERED on December 7, 2016.

     s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION